**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ROBINSON, as Independent Administrator of the Estate of CORY ULMER, Deceased, | ) | |
| Plaintiff, | ) | Case No. 25-cv-06643 |
| v. | ) | **JURY TRIAL DEMANDED** |
| COOK COUNTY SHERIFF, *et al*., | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, COOK COUNTY SHERIFF, in his official capacity; SERGEANT ENRIQUE REYES (#3379); OFFICER KARLTON DAVIS (#15430); OFFICER CHAD SPRAYBERRY (#17560); OFFICER JOSHUA GARCIA (#16401); OFFICER DANIEL ALVAREZ (#17342); OFFICER KYLE CODD (#18348); OFFICER MICHAEL MATANIC (#16451); OFFICER JASON JACKSON (#17877); OFFICER JOHN LESNICKI (#16596); OFFICER BRENT O'HEARN (#16544); OFFICER JOSHUA NOVAK (#15806); OFFICER JOHN PRETO (#17344); OFFICER RAMIRO ROMO (#17159); and OFFICER THOMAS KAVANAUGH (#18920), by and through their attorneys, JOHNSON & BELL LTD., for their Reply in Support of Their Motion to Dismiss, hereby state the following:

**INTRODUCTION**

Plaintiff has not adequately pled that Defendant Sheriff's alleged unconstitutional policies caused decedent's injuries. In fact, at the outset of his Response, Plaintiff admits that he does not allege that the written policies are unconstitutional or caused decedent's death. (Dkt. 56, Pltf's Response, p. 4). Rather, Plaintiff argues that two alleged widespread and longstanding practices are at issue here: 1) use of excessive force on detainees in areas without video surveillance, and 2)

restrain detainees for prolonged periods without penological justification. *Id*. Plaintiff's Response asks the Court to ignore the fatal deficiencies of his Complaint and fails to address many arguments made by Defendant Sheriff which require dismissal of his claims. Rather than providing case law explaining how the settled and dismissed, still pending, and temporally remote lawsuits cited in his Complaint plausibly show that Defendant Sheriff has widespread and longstanding practices that caused decedent's alleged injuries, Plaintiff deflects and claims that Defendant Sheriff improperly relied on materials outside of the pleadings – lawsuits that Plaintiff himself pointed to in his Complaint to support his allegations that Defendant Sheriff has a widespread and longstanding practice. However, judicial notice of public court documents is appropriate when ruling on a Rule 12(b)(6) motion to dismiss. *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017).

Plaintiff also failed to Respond to several arguments advanced by Defendants. It is well-established in the Seventh Circuit that when a plaintiff fails to respond substantively to a defendant's arguments for dismissal, plaintiff forfeits any argument they may have had against dismissal. *See, e.g., Bonte v. U.S. Bank, N.A*., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"); *Kirksey v. R.J. Reynolds Tobacco Co*., 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [plaintiff] forfeited her right to continue litigating her claim").

As the Seventh Circuit has commented: "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say

against the defendants' reasoning." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citing *Kirksey*, 168 F.3d at 1041 (likening a dismissal of a "nonresponsive response brief" to default judgment)). Plaintiff failed to respond to Defendant Sheriff's arguments, *inter alia*, that, (1) he failed to state a claim that Defendant Sheriff had a widespread custom and practice of a "Code of Silence," (2) he failed to state a claim that Defendant Sheriff had a widespread custom and practice of failure to train, and (3) he failed to plead more than speculative allegations that a Sheriff Policy was the moving force behind the Plaintiff's decedent's alleged injuries. Thus, Plaintiff's *Monell* claim must be dismissed.

## I. PLAINTIFF HAS NOT PLEAD THAT DEFENDANT SHERIFF CAUSED PLAINTIFF'S DECEDENT'S INJURIES.

### A. Defendant Sheriff Properly Relied on Lawsuits Cited in Plaintiff's Complaint.

Plaintiff cited several civil lawsuits against Defendant Sheriff in support of Count XIV (*Monell* Policy Claim) of his Complaint but did not indicate whether any of these lawsuits resulted in findings of liability, involved settlements, or were resolved in some other way. It is not surprising that Plaintiff did not allege findings of liability in *any* of the lawsuits he cited in his Complaint to support his *Monell* claim because there were no such findings. Plaintiff simply left everyone guessing and forced Defendant Sheriff to point out that the following five cases he cited in his Complaint were dismissed pursuant to settlement and without a finding of liability: *Smith v. Cook County,* No. 14-cv-1789 (N.D. Ill. Aug. 31, 2016); *Cullom v. Dart,* 20cv4034 (N.D. Ill. Dec. 27, 2020); *Wilson v. Dart,* 20cv7009 (N.D. Ill. Nov. 25, 2020); *Fulson v. Dart,* 22-cv-01894 (N.D. Ill. Nov. 25, 2020); and *Zaborowski v. Sheriff*, 08cv6946 (N.D. Ill. Aug. 30, 2012). (See Dkts. 47-1 to 47-5). Likewise, Defendant Sheriff was forced to point out that three cases Plaintiff cites in his Complaint to support his *Monell* claim are still pending without final resolution and are merely

allegations: *Gama v. Dart*, 20cv3449 (N.D. Ill. Nov. 19, 2020); *Smith v. Dart,* 20cv7119 (N.D. Ill. Dec. 2, 2020); and *Moore v. Reyes, et al.,* 24-cv-1507 (N.D. Ill. Jan. 6, 2025).

Plaintiff simply cannot state a claim of a widespread practice by merely alleging the existence of other lawsuits because plaintiff's allegations of other lawsuits and settlements does not confirm "the existence of unconstitutional practices" and "say nothing about an organization's actual policies" but instead "only what a plaintiff believes to be true about those policies." (quoting *Harris v. City of Chicago, et al.,* 24-cv-03215, 2025 WL 2044020, at *5 (N.D. Ill. July 21, 2025). ("A finding of liability either by judge or jury confirms the existence of unconstitutional practices in a way settlements and allegations do not."); *Rikas v. Babusch*, No. 13 CV 2069, 2014 WL 960788, at *3 (N.D. Ill. Mar. 12, 2014) (prior lawsuits, which were "ultimately settled . . . [with] no finding of liability," did not support plaintiff's *Monell* claim "nor [do they] evidence a widespread municipal practice"); *Jones v. City of Chicago*, No. 23 CV 4975, (N.D. Ill. Aug. 22, 2025). (a plaintiff cannot "state a claim of a widespread practice by alleging the existence of other lawsuits.").

Plaintiff, in his Response, now speciously argues that Defendant Sheriff improperly relies on materials outside the pleadings when citing these lawsuits and asserts that collateral estoppel prevents Defendant Sheriff from pointing to these settlements, dismissals, and pending lawsuits. (Dkt. 56, Pltf's Resp. pp. 6, 8). Plaintiff cannot have it both ways. Plaintiff cannot rely on the mere existence of other lawsuits or unproven allegations to plausibly plead a *Monell* claim and then attempt to shield Defendant Sheriff from pointing out that none of those lawsuits resulted in a finding of liability. Recognizing this fatal flaw, Plaintiff baselessly argues that this Court should disregard public court records and dismissal orders that Defendant Sheriff attached as exhibits and cited to because "as a "general rule," on a Rule 12(b)(6) motion, the court may consider only the

complaint. *Rosenblum v. Travelbyus.com Ltd*., 299 F.3d 657, 661 (7th Cir. 2002). (Dkt. 56, Pltf's Resp. p. 6). Plaintiff then goes even further and erroneously asserts that only "a narrow exception exists if documents are referred to in the complaint and are *central* to a claim, but this exception is 'aimed at cases interpreting, for example, a contract.'" *Id*. However, the Court can take judicial notice of the settlements and dismissals as it is entitled to without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.*, No. 19-cv-6387, 2019 WL 4412756, at *3 (N.D. Ill. Sept. 16, 2019) (court takes judicial notice of documents filed with the state court in cases that formed the basis for the claims) (citing *Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) ("judicial notice of public court documents is appropriate when ruling on a Rule 12(b)(6) motion to dismiss")). As such, Defendant Sheriff asks that this Court take judicial notice of the cited lawsuit settlements and dismissals. Plaintiff then argues that the exception he cited may apply if Plaintiff's theory relied on the existence of settlement payments made by the Sheriff as being probative of liability. (Dkt. 56, Pltf' Resp. pp. 6-7). However, Plaintiff tellingly offers no case law on this point. Thus, Plaintiff's *Monell* claim must be dismissed.

**B. Plaintiff Does Not Plausibly Allege That the Sheriff's Video and Surveillance Practices Lead to the Violation of Detainees' Constitutional Rights.**

Plaintiff again relies on three lawsuits that either settled and were dismissed without a finding of liability, are too temporally remote and distinguishable, and are still pending to allege that Defendant Sheriff's video and surveillance practices lead to the violation of detainees' constitutional rights. (Dkt. 56, pp. 8-11).

First, Plaintiff again relies on *Smith v. Cook County,* No. 14-cv-1789 (N.D. Ill. Aug. 31, 2016). Again, the *Smith* case settled without a finding of liability, and Plaintiff cannot rely on the *Smith* lawsuit to plausibly allege a *Monell* claim. (Dkt. 47-1). Plaintiff argues that he is not pointing

to settlement to advance his claim, but the Sheriff's Rule 56.1 Statement and Plaintiff's Response. (Dkt. 56-1, Pl. Ex. 1, ¶16). This argument fails. Plaintiff cannot use this statement of fact to assert a *Monell* claim because it is disputed, and Plaintiff even admits that this fact is disputed. (*Id*.; Dkt. 56, Pltf's Resp. p. 8). "Although a court may generally take judicial notice of public records, under Federal Rule of Evidence 201, a court may judicially notice only a fact that is not subject to reasonable dispute." *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018) (citing *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) (courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts but may take judicial notice of findings of fact from another court proceeding only if the fact is not subject to reasonable dispute); *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite.")).

Plaintiff also fails to respond to Defendant Sheriff's argument that the *Smith* case settled and was dismissed, and that it is distinguishable because the incident took place in 2012, thirteen years ago, and is not close enough in time to when Plaintiff's decedent's alleged violation occurred to be relevant to the case at bar to support the assertion that the Sheriff had a widespread practice in June of 2024, and thus has waived any responsive argument. (Dkt. 47, Def's MTD, pp. 8-9). It is well-established in the Seventh Circuit that when a plaintiff fails to respond substantively to a defendant's arguments for dismissal, plaintiff forfeits any argument they may have had against dismissal. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"); *Kirksey v. R.J.*

*Reynolds Tobacco Co*., 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [plaintiff] forfeited her right to continue litigating her claim").

Second, Plaintiff again relies on *Kolnicki v. Dart*, 2023 IL App (1st) 221089-U, ¶ 9). Plaintiff again fails to respond to Defendant's argument that Plaintiff cannot rely on Merit Board deposition testimony of an incident that occurred in 2014, eleven years ago, as it is not close enough in time to when Plaintiff's decedent's alleged violation occurred to be relevant to the case at bar to support the assertion that the Sheriff had a widespread practice in June of 2024, and thus has waived any responsive argument.

As a last-ditch effort, Plaintiff points to and attaches Officer Michetich's Indictment and Plea of Guilty to his Response but gravely misrepresents it. (Dkt. 56, Pltf's Rep. p. 9; 56-2, Pl. Ex. 2). Plaintiff argues that Michetich "pled guilty to lying to the FBI after officers failed to report the incident or preserve video evidence." *Id*. Instead, Michetich pled guilty that he "stated in sum and substance to FBI agents that he was not aware that any incident occurred with respect to Victim A, when in fact, as defendant knew at the time, he had struck Victim A…" *Id*. There is nothing in the guilty plea referencing an alleged failure to preserve video evidence. Interestingly, Plaintiff concedes that the Sheriff had no reason to raise the point of detainees being recorded in Cermak in the *Kolnicki* Merit Board hearing, rendering this case completely irrelevant to the case at bar. (Dkt. 56, Pltf's Resp. p. 9).

Third, the *Moore* case is still pending without a finding of liability. (*Moore v. Reyes, et al.,* 24-cv-1507 (N.D. Ill. Jan. 6, 2025)). In fact, Plaintiff admits that the *Moore* case is pending before this Court and there has been no finding of liability or resolution. (Dkt. 56, Pltf's Resp. p. 9). The allegations contained in the *Moore* case are just that, allegations. There mere existence of the allegations in an unrelated and unresolved pending lawsuit cannot be used to plausibly plead a

*Monell* claim. *Harris v. City of Chicago, et al.,* 24-cv-03215, 2025 WL 2044020, at *5 (N.D. Ill. July 21, 2025).

Lastly, Plaintiff argues that "Plaintiff has referenced the DOJ report to show that the Sheriff has long had notice of these problematic policies but has not 'responded reasonably to them,' not to prove the truth of the matter asserted regarding problems that still exist today." (Dkt. 56, Pltf's Resp. p. 10). However, Plaintiff's own complaint alleges otherwise, and cuts against his own argument. (Dkt. 1 ¶¶ 301-317). Plaintiff's own allegations allege that after the DOJ findings, that the Cook County Sheriff and Cermak Health Services entered a consent decree ("Agreed Order") on May 13, 2010, in the matter of *United States v. Cook County, et al*., case number 10-cv-2946, in the United States District Court for the Northern District of Illinois, with terms and requirements "necessary to protect the constitutional rights of inmates" at the Jail." (Dkt. 1 ¶314). Plaintiff further alleges and admits that Defendant Sheriff and Cermak Health Services reached substantial compliance with all provisions of the Agreed Order on May 2, 2017, and a federal judge ruled that the Jail's reforms met the terms of the Agreed Order, and the Jail was allowed to operate without federal oversight. (Dkt. 1 ¶¶ 317-318). Plaintiff's assertion that Defendant Sheriff has not "responded reasonably" to alleged problematic policies since the DOJ report is unfounded and disingenuous because the Jail's reforms met the terms and requirements "necessary to protect the constitutional rights of inmates" at the Jail." (Dkt. 1 ¶¶ 314, 317-318).

Plaintiff's *Monell* claim must be dismissed.

### C. Plaintiff Does Not Plausibly Allege that the Sheriff Maintains a Widespread Custom of Overusing Restraints.

While it is true that Defendant Sheriff has faced allegations regarding its restraint policies, Plaintiff cannot point to *any* lawsuits that resulted in a finding of liability. Plaintiff again misrepresents the record and alleges that defense counsel "attempts to distinguish the numerous

unsuccessful 12(b)(6) motions filed on this topic." (Dkt. 56, Pltf Resp. p. 11). That simply is not true, and defense counsel made no references to other motions to dismiss in the other cases cited by Plaintiff in his Complaint. Rather, Defendant Sheriff argued that the cases Plaintiff cited in his Complaint to support his *Monell* claim are not only distinguishable from the case at bar, but they also have been settled and dismissed or are still pending. To be sure, in the *Cullom*, *Gama*, *Wilson*, *Smith* and *Fulson* cases, plaintiffs sued the Sheriff for the conditions of confinement at the Jail during the COVID-19 pandemic, and the Sheriff's restraint policy and practice used at *outlying public hospitals*, such as Stroger Hospital. These cases are distinguishable from Plaintiff's claims here because the cases involve a completely different policy that is specific to restraints used on detainees while they are inpatients at public community hospitals, such at Stroger Hospital or St. Anthony's Hospital, and the complaints contained absolutely no allegations regarding restraint chairs or restraint overuse at the Jail campus. (*Cullom v. Dart*, 20cv4034 (N.D. Ill. Dec. 27, 2020); see also *Gama v. Dart*, 20cv3449 (N.D. Ill. Nov. 19, 2020); see also *Wilson v. Dart*, 20cv7009 (N.D. Ill. Nov. 25, 2020); see also *Smith v. Dart*, 20cv7119 (N.D. Ill. Dec. 2, 2020); see also *Fulson v. Dart*, 22-cv-01894 (N.D. Ill. Nov. 25, 2020).

Again, the *Cullom* case settled and was dismissed on November 12, 2024. (Dkt. 47-2). The *Wilson* case settled and was dismissed on April 23, 2025. (Dkt. 47-3). The *Fulson* case settled and was dismissed on Nov. 25, 2024. (Dkt. 47-4). The *Gama* and *Smith* cases are still pending before this Court. As argued above, Plaintiff cannot rely on the mere existence of other lawsuits or unproven allegations without a finding of liability to plausibly plead a *Monell* claim. (*See supra*, p. 4).

Plaintiff also references the Illinois Answers Project report that he cited in this Complaint. (Dkt. 56, Pltf's Resp, pp. 11-12; Dkt. 1 ¶ 348). Plaintiff argues that in April of 2025, the Illinois

Answers Project found that Cook County Jail used restraint chairs 874 times between 2019 and 2023. (Dkt. 1 ¶ 348). However, Plaintiff's complaint lacks factual details regarding the circumstances of those uses, why they were used, where they were used, how long they were used, how they were used, or how the uses may be similar to Plaintiff's claims here. The allegation, on its own, as pled, without sufficient facts, does not support a reasonable inference that Defendant Sheriff maintains a widespread custom of overusing restraints.

Plaintiff's *Monell* claim Defendant Sheriff maintains a widespread custom of overusing restraints must be dismissed.

### D. Plaintiff Failed to Respond to Defendant's Argument That He Failed to State a Claim That the Sheriff Has a Widespread Custom and Practice of a "Code of Silence."

As an initial matter, Plaintiff failed to plausibly allege that Defendant Sheriff had a widespread pattern or practice of a "Code of Silence." A plaintiff must plead sufficient facts that allege "a pattern of similar constitutional violations" to plausibly infer that plaintiff's allegations are not merely "a random event" but "a true municipal policy at issue." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Plaintiff failed to respond to Defendant's argument that he failed to state a claim that Defendant Sheriff has a longstanding "Code of Silence." Plaintiff did not respond to Defendant's arguments regarding the Injustice Watch article that he cited in his Complaint, the *Fairley* lawsuit that he cited in his Complaint, or the fact that Plaintiff does not provide *any* facts in his 73-page complaint to support his allegation aside from his bare-bones assertion that the Sheriff has a "longstanding 'code of silence' pervading the Jail in which Sheriff officers will punish those who report misconduct." (Dkt. 47, Defs' MTD, pp. 12-13; Dkt. 1 ¶339). Plaintiff ostensibly attempts to make some sort of argument by arguing that, "while these violations were almost certainly caused at least in part by the "code of silence" and officers' turning a blind eye to

misconduct, there is also a possibility that they were caused in part by the Sheriff's failure to train certain employees "about their legal duty to avoid violating citizens' rights." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). (Dkt. 56, Pltf's Resp, p. 5). However, Plaintiff misquotes *Connick*, and the case is distinguishable and not instructive here. The *Connick* case involved a man convicted of armed robbery who alleged that a District Attorney's office failed to adequately train its prosecutors about their duty to produce exculpatory evidence and that the lack of training had caused a nondisclosure resulting in a *Brady* violation and the man's subsequent conviction. *Connick v. Thompson*, 563 U.S. 51, 54, 131 S. Ct. 1350, 1355 (2011). The *Connick* case made no reference to a "code of silence" or "turning a blind eye to misconduct."

Plaintiff has thus waived any responsive argument, and Plaintiff's *Monell* claim must be dismissed.

### E. Plaintiff Failed to Respond to Defendant's Argument That He Failed to State a Claim That the Sheriff Has a Widespread Custom and Practice of Failure to Train.

Plaintiff failed to respond to Defendant's argument that the Sheriff has a widespread and accepted practice of "failing to properly train its officers on the proper use of body-worn cameras, reporting the use of force, or the proper use of restraints." (Dkt. 47, Defs' MTD, pp. 13-14; Dkt. 1 ¶ 351). Plaintiff failed to respond to Defendant's arguments that his allegations are devastatingly vague and conclusory, and completely unsupported by plausible factual content or that Plaintiff does not provide *any* facts in his 73-page complaint to support his allegation and merely makes a bare-bones assertion that the Sheriff "has failed to properly train its officers on the proper use of body-worn cameras, reporting the use of force, or the proper use of restraints pursuant to its own policies" without providing any factual context or allegation tying the two together. (Dkt. 47, Defs' MTD, pp. 14). If it was Plaintiff's intention to use the *Connick* case here, it is still not instructive,

as argued above. Plaintiff has thus waived any responsive argument, and Plaintiff's *Monell* claim must be dismissed.

### F. Plaintiff Failed to Respond to Defendant's Argument that he Failed to Plead More Than Speculative Allegations That a Sheriff Policy or Practice Was the Moving Force Behind Plaintiff's Alleged Injuries.

A *Monell* claim's causation standard is "rigorous" and requires "a direct causal link between the challenged municipal action and the violation of [plaintiff's] constitutional rights." *Stockton v. Milwaukee Cnty.,* 44 F.4th 605, 617 (7th Cir. 2022) (internal quotations omitted). Plaintiff fails to allege, as he must, sufficient factual allegations to plausibly infer that Defendant Sheriff "was the moving force behind the constitutional violations[.]" *Jordan,* 2021 WL 1962385 at *5. Plaintiff failed to respond to Defendant's argument that he has not pled sufficient plausible factual allegations that a Sheriff practice or policy was the moving force behind his alleged injuries. (Dkt. 47, Defs' MTD, pp. 14; Dkt. 1 ¶ 352). Again, Plaintiff's Complaint's vague references to temporally remote, unsubstantiated settled and/or still pending lawsuits, and news articles falls far short of the rigorous causation threshold required by *Monell*. Plaintiff has not alleged any factual details about the nature of the practice or policy and how that practice or policy was the moving force behind the alleged constitutional violations. Plaintiff has thus waived any responsive argument, and Plaintiff's *Monell* claim must be dismissed.

## II. The Correctional Officer Defendants Did Not Act Objectively Unreasonably to Plaintiff's Medical Needs and Did Not Violate Ulmer's Constitutional Right to Adequate Medical Care.

To state a valid claim for denial or delay of medical care, Plaintiff must allege that the Defendant Officers each "acted purposefully, knowingly, or perhaps even recklessly" and that his conduct was "objectively unreasonable." *Miranda v. Cty. of Lake,* 900 F.3d 335, 353-54 (7th Cir. 2018). Whether their conduct was objectively unreasonable "turns on the facts and circumstances

of each particular case." *Kingsley v. Hendrickson,* 576 U.S. 389, 397 (2015). Plaintiff alleges and advances an argument that on June 21, 2024, Defendant Officers Garcia, Davis, and Sprayberry "used or were witness to the application of excessive force, causing Ulmer to fall to the ground and strike his head on a mental pole outside of the wall." (Dkt. 1 ¶¶ 70, 74). Plaintiff fails to allege which officer was responsible for the alleged excessive force and which officer allegedly witnessed the alleged excessive force. Plaintiff fails to allege each officer's specific involvement in the alleged excessive force incident. Plaintiff further alleges that Defendant Officers Garcia, Davis, and Sprayberry failed to report the incident on June 21, 2024. (Dkt. 1 ¶ 77). These allegations, alone, cannot plausibly support a claim that Defendant Officers Garcia, Davis, and Sprayberry acted objectively unreasonably to prevent Ulmer from obtaining medical care.

Plaintiff's Complaint contains no allegations or facts, and the allegations cannot plausibly support a claim that Defendant Officers Alvarez, Codd, Jackson, Kavanaugh, Lesnicki, Matanic, Novak, O'Hearn, Preto, Reyes, or Romo acted objectively unreasonably to prevent Plaintiff's decedent from obtaining medical care at any point on June 21, 2024.

In his Response, Plaintiff argues that Defendants applied an incorrect standard under The Eighth Amendment and should have applied the Fourteenth Amendment. (Dkt. 56, Pltf's Resp. p. 13). Defendants agree that the Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. The Eighth Amendment, incorporated to apply to the states pursuant to the Fourteenth Amendment, includes a right to adequate medical care. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). It is well-settled that non-medical jail staff are entitled to "defer to the professional medical judgment of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Id.* at 440. ("[T]he law encourages non-medical security and administrative personnel at jails and prisons to

defer to the professional medical judgment of the physicians and nurses treating the prisoners in their care without fear of liability for doing so."); *see also Johnson v. Doughty,* 433 F.3d 1001, 1011-12 (7th Cir. 2006) (non-medical defendants "may reasonably rely" on medical staff unless they have reason to believe the care is inappropriate). Taking Plaintiff's allegations as true, the Defendant Officers were in a room full of medical professionals when Plaintiff's decedent was experiencing a medical emergency. There is nothing that the Defendant Officers could have done that educated, trained, and experienced medical professionals did not do. The Defendant Officers appropriately relied on the expertise of the medical professionals. Furthermore, Plaintiff's conclusory allegations that all the Defendant Officers knew or should have known of Plaintiff's decedent's specific medical needs are without merit. It cannot be reasonably inferred that any of the Defendant Officers plausibly knew about Plaintiff's decedent's specific medical needs.

Plaintiff's threadbare allegations do not demonstrate that the Defendant Officers' conduct was objectively unreasonable in response to Plaintiff's decedent's medical needs. Because the Complaint fails to allege that the Defendant Officers knowingly or recklessly disregarded any serious medical need or acted objectively unreasonable in response, Count III against them must be dismissed.

## CONCLUSION

Defendants, COOK COUNTY SHERIFF, in his official capacity; SERGEANT ENRIQUE REYES (#3379); OFFICER KARLTON DAVIS (#15430); OFFICER CHAD SPRAYBERRY (#17560); OFFICER JOSHUA GARCIA (#16401); OFFICER DANIEL ALVAREZ (#17342); OFFICER KYLE CODD (#18348); OFFICER MICHAEL MATANIC (#16451); OFFICER JASON JACKSON (#17877); OFFICER JOHN LESNICKI (#16596); OFFICER BRENT O'HEARN (#16544); OFFICER JOSHUA NOVAK (#15806); OFFICER JOHN PRETO

(#17344); OFFICER RAMIRO ROMO (#17159); and OFFICER THOMAS KAVANAUGH (#18920); respectfully request that this Honorable Court dismiss Count III and XIV of Plaintiff's Complaint with prejudice.

Dated: December 17, 2025

Respectfully submitted,

By: */s/ Lisa M. McElroy*
Attorney for Defendants

Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
JOHNSON & BELL, LTD.
33 W. Monroe St., Ste. 2700
Chicago, Illinois 60603