**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ROBINSON, as Independent Administrator of the Estate of CORY ULMER, deceased, | **)** | |
| | **)** | Case No. 1:25-cv-06643 |
| Plaintiff, | **)** | |
| v. | **)** | Hon. Andrea Wood |
| | **)** | |
| COOK COUNTY SHERIFF, et al. | **)** | Hon. Maria Valdez |
| Defendants. | **)** | |

**JOINT STATUS REPORT: MARCH 23, 2026**

Pursuant to the Court's January 22, 2026, minute order (Dkt. 83) and the standing order of the Hon. Magistrate Judge Maria Valdez, the parties submit the following joint status report:

**1. Summary of claims.**

Plaintiff alleges that correctional officers and medical staff at Cook County Jail and Cermak Health used excessive force, failed to provide adequate medical and psychiatric care, and subjected pretrial detainee Cory Ulmer to objectively unreasonable treatment in violation of the Fourteenth Amendment, resulting in Ulmer's death on June 21, 2024. Plaintiff's claims include § 1983 excessive force, failure to intervene/bystander liability, delay/denial of medical care, and conditions of confinement claims; Monell liability against the Sheriff; and various state law wrongful death and survival claims, including a state law conspiracy claim against various Sheriff employees for alleged instances of brutality and misconduct. No counterclaims or third-party complaints have been filed.

**2. Relief sought.**

Survival Act Damages (755 ILCS 5/27-6) on behalf of the Estate of Cory Ulmer:
- Conscious pain and suffering experienced prior to death
- Emotional distress, fear, and mental anguish prior to death
- Medical expenses incurred prior to death

Wrongful Death Damages (740 ILCS 180/1 et seq.) on behalf of the next-of-kin:
- Loss of society, companionship, guidance, advice, love, and affection
- Grief, sorrow, and mental suffering of the next-of-kin
- Funeral and burial expenses

Federal Civil Rights Damages (42 U.S.C. § 1983), compensatory damages for constitutional violations, including:
- Physical pain and injury
- Emotional distress and mental suffering
- Loss of liberty and deprivation of constitutional rights

- Damages arising from excessive force, denial of medical care, and unconstitutional conditions of confinement

Punitive Damages
- Punitive damages against individual defendants under § 1983 for willful and wanton conduct, malicious conduct, and reckless disregard of constitutional rights
- Punitive damages on applicable state law claims, subject to 735 ILCS 5/2-604.1 and leave of Court

Attorneys' Fees and Costs
- Reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988

Other Relief
- Pre-judgment and post-judgment interest as permitted by law
- Any further relief the Court deems just and equitable

### 3. Nature of referral.

On January 21, 2026, the District Court referred this case to Magistrate Judge Valdez for discovery supervision and settlement proceedings pursuant to Local Rule 72.1.

### 4. Status of motions/briefing.

The Sheriff Defendants previously filed a Rule 12(b)(6) motion to dismiss certain claims, and Officer Mario Rajkowski filed a Rule 12(b)(6) motion to dismiss all claims. Briefing was completed on January 13, 2026, and those motions remain pending before the District Court.

### 5. Discovery status.

The Parties exchanged their initial Rule 26(a)(1) disclosures on November 26, 2025, and propounded their first set of discovery requests on January 27, 2026. Pursuant to Fed. R. Civ. Pr. 29(b), the Parties have mutually agreed to a deadline of April 3, 2026, to serve their answers and objections. No depositions have been taken, but they are expected to commence within the next month or two after the Parties' exchange of initial written discovery responses.

The Parties have engaged in extensive negotiations related to the confidentiality of materials disclosed in discovery and are circulating the protective order as an agreed motion. The Parties expect to file an agreed motion for the entry of a protective order and submit this as a proposed order within several days of the submission of this Joint Status Report. The parties also expect to submit an agreed motion for the entry of a Qualified HIPAA/MHDDCA Protective Order in the same timeframe. (The week of March 23, 2026).

### 6. Consent to trial before magistrate judge.

Counsel have advised clients of the option. The parties do not unanimously consent to trial before a magistrate judge at this time.

### 7. Scheduling and deadlines.

The Court entered a scheduling order on September 23, 2025 adopting the parties' proposed case schedule, as modified on the record. The current deadlines are as follows:

- Fact discovery cutoff: January 29, 2027
- Plaintiff's expert disclosures: April 30, 2027
- Defendants' expert disclosures: June 30, 2027
- Plaintiff's experts deposed: August 31, 2027
- Defendants' experts deposed: October 29, 2027
- Dispositive motions deadline: February 28, 2028

A telephonic status hearing remains set before the District Court on April 21, 2026. The parties are not currently aware of any reason why they will be unable to complete fact discovery within the Court-ordered deadline.

### 8. Status of settlement negotiations.

The Parties have been engaged in settlement discussions, and Plaintiff has submitted a written settlement demand that is currently being considered by the Defendants. The Parties do not request a settlement conference with the Court at this time.

Respectfully submitted,

/S/ Lisa M. McElroy

Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 W. Monroe St., Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
*Attorneys for Defendants Cook County Sheriff, Reyes, Davis, Sprayberry, Garcia, Alvarez, Codd, Matanic, Jackson, Lesnicki, O'Hearn, Novak, Preto, Romo, Kavanaugh, Kelly, Wilks, Carr, and Hollis*

/s/ Jesse B. Guth

Jesse B. Guth (jesse@guthlawoffice.com)
Guth Law Office, LLC
21 S. Evergreen Ave, Suite 200-112
Arlington Heights, IL 60005
(312) 529-5875
*Attorney for Plaintiff*

William Ragen (William.ragen@cookcountysao.org)
Michael Gorman (Michael.gorman@cookcountysao.org)
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-7944
*Attorneys for Cook County d/b/a Cermak Health Services, Balawender, Colon, Haq, James, Johnson, Khan, Munoz, Omodara, Sheehan, Tawadros, and Trani*

/S/ Jessica Ratner

Jessica D. Ratner
(Jessica.Ratner@cookcountysao.org)
Cook County State's Attorney's Office
50 W. Washington Street, Suite 2760
Chicago, Illinois 60602
(312) 603-1434
*Attorney for Rajkowski*

3

**CERTIFICATE OF SERVICE**

Plaintiff's attorney hereby certifies that on the 23rd day of March, 2026, a copy of the foregoing JOINT STATUS REPORT was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system and that participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

/s/  Jesse B. Guth
Jesse B. Guth
(jesse@guthlawoffice.com)
Guth Law Office, LLC
21 S. Evergreen Ave, Suite 200-112
Arlington Heights, IL 60005
(312) 529-5875
*Attorney for Plaintiff*

4