**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ROBINSON, as Independent Administrator of the Estate of CORY ULMER, deceased, | ) | |
| | ) | Case No. 1:25-cv-06643 |
| Plaintiff, | ) | |
| v. | ) | Hon. Andrea Wood |
| | ) | |
| COOK COUNTY SHERIFF, et al. | ) | Hon. Maria Valdez |
| Defendants. | ) | |

**JOINT STATUS REPORT: JULY 15, 2026**

Pursuant to the Court's June 23, 2026, order (Dkt. 104) and Magistrate Judge Maria Valdez's Standing Order, the parties submit the following Joint Status Report:

1. **Summary of claims.**

Plaintiff alleges that correctional officers and medical staff at Cook County Jail and Cermak Health used excessive force, failed to provide adequate medical and psychiatric care, and subjected pretrial detainee Cory Ulmer to objectively unreasonable treatment in violation of the Fourteenth Amendment, resulting in Ulmer's death on 6/21/2024. Plaintiff's claims include § 1983 excessive force, failure to intervene/bystander liability, delay/denial of medical care, and conditions of confinement claims; Monell liability against the Sheriff; and various state law wrongful death and survival claims, including a state-law conspiracy claim against various CCSO employees. No counterclaims or third-party complaints have been filed.

2. **Relief sought.**

Survival Act Damages (755 ILCS 5/27-6) on behalf of the Estate of Cory Ulmer: conscious pain and suffering experienced prior to death; emotional distress, fear, and mental anguish prior to death; and medical expenses incurred prior to death.

Wrongful Death Damages (740 ILCS 180/1 et seq.) on behalf of the next-of-kin: loss of society, companionship, guidance, advice, love, and affection; grief, sorrow, and mental suffering of the next-of-kin; funeral and burial expenses.

Federal Civil Rights Damages (42 U.S.C. § 1983), compensatory damages for constitutional violations, including: physical pain and injury; emotional distress and mental suffering; loss of liberty and deprivation of constitutional rights; damages arising from excessive force, denial of medical care, and unconstitutional conditions of confinement.

Punitive Damages against individual defendants under § 1983 for willful and wanton conduct, malicious conduct, and reckless disregard of constitutional rights; and punitive damages on applicable state law claims, subject to 735 ILCS 5/2-604.1 and leave of Court.

Reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988.

Other Relief, including pre-judgment and post-judgment interest as permitted by law, and any further relief the Court deems just and equitable

**3. Nature of referral.**

On 1/21/2026, the District Court referred this case to Magistrate Judge Valdez for discovery supervision and settlement proceedings pursuant to Local Rule 72.1. Dkt. 82.

**4. Status of motions/briefing.**

On 06/23/2026, Plaintiff filed his First Amended Complaint. Dkt. 106. The District Court terminated the previously filed Rule 12(b)(6) motions without prejudice as moot and directed the Defendants who had already appeared to answer or otherwise respond to the First Amended Complaint by 7/8/2026. Dkt. 105. The First Amended Complaint names three additional correctional-officer Defendants. Counsel for the Sheriff Defendants is currently determining whether they have authority to represent the three newly added Defendants. In the meantime, Plaintiff has retained a process server and has initiated personal service efforts.

On 7/8/2026, Defendants filed an unopposed joint motion requesting: (1) an extension through July 29, 2026, to answer or otherwise respond to the First Amended Complaint; (2) that discovery be held in abeyance through 7/29/2026; and (3) that the 7/15/2026 Joint Status Report deadline be reset to 7/29/2026. Dkt. 110. Plaintiff did not oppose the limited answer/responsive-pleading extension and temporary discovery abeyance until 7/29/2026 requested in the joint motion. Because the Court has not yet ruled on that motion, the parties submit this Joint Status Report in compliance with the existing 7/15 deadline and respectfully request a ruling on the pending motion.

**5. Discovery status.**

In their pending motion, Defendants request that discovery be held in abeyance through 7/29/2026. Dkt. 110. Subject to that requested relief, the current discovery status is as follows:

Plaintiff and most Defendants served written discovery responses and objections on April 20, 2026. Defendants Balawender and Trani have not served responses to Plaintiff's requests for production. Defendants Johnson, Khan, and Sheehan have not served any written discovery responses. On 7/15/2026, Plaintiff conducted a Local Rule 37.2 conference with counsel for the Cook County Defendants concerning asserted deficiencies in their document production and interrogatory responses. Counsel for the Cook County Defendants agreed to provide outstanding responses and documents within the next several weeks.

Plaintiff also indicated that a Rule 37.2 conference with counsel would be necessary and outlined a few areas of concern with the Sheriff concerning their objections, document production, and confidentiality designations. Those issues include surveillance footage that was reportedly reviewed by the Sheriff's Office of Professional Review but has not been produced to Plaintiff.

Plaintiff will continue to confer with Defendants about these discovery disputes in coming weeks, and no court intervention is currently required.

Plaintiff intends to serve written discovery on the three newly named correctional-officer Defendants by 8/20/2026.

Counsel have begun discussing Defendants' availability for depositions in August. Although no depositions have been formally noticed or scheduled, Plaintiff presently anticipates seeking to depose Defendants Sheehan, Reyes, Sprayberry, Hollis, and Rajkowski during August and September 2026. Counsel for Defendants Reyes and Jackson's position is that scheduling of depositions should occur subsequent to service and appearance of the additional defendant officers and conclusion of the written discovery items identified above. Plaintiff's position is that discovery should continue under the existing schedule and that depositions of the already-appeared Defendants need not be delayed pending service on the newly added Defendants or resolution of all outstanding written-discovery issues.

On July 15, 2026, counsel for the Sheriff Defendants informed Plaintiff's counsel that the Sheriff Defendants intend to file a motion to stay discovery in the coming days. Counsel for Rajkowski and counsel for Reyes and Jackson have indicated they intend to join that motion. Plaintiff opposes a stay of discovery or any further stagnation of the case management schedule, which has already been substantially delayed by Defendants' numerous requests for extensions.

**6. Consent to trial before magistrate judge.**

The parties do not unanimously consent to trial before a magistrate judge at this time.

**7. Scheduling and deadlines.**

On 9/23/2025, the Court entered a scheduling order adopting the parties' proposed case schedule, as modified on the record. The current deadlines are as follows: Fact discovery cutoff: 1/29/2027; Plaintiff's expert disclosures: 4/30/2027; Defendants' expert disclosures 6/30/2027; Plaintiff's experts deposed: 8/31/2027; Defendants' experts deposed: 10/29/2027; Dispositive motions deadline: 2/28/2028.

A telephonic status hearing is scheduled before the District Court on 8/12/2026. Depending on the progress of settlement discussions and discovery, the parties may request an appropriate modification of the case schedule in a future status report.

**8. Status of settlement negotiations.**

The parties attended a private mediation at ADR Systems on 7/1/2026. They were unable to reach a resolution, but settlement discussions remain ongoing.

Respectfully submitted,

/s/ Jesse B. Guth
Jesse B. Guth (jesse@guthlawoffice.com)
Guth Law Office, LLC
21 S. Evergreen Ave, Suite 200-112
Arlington Heights, IL 60005
(312) 529-5875
*Attorney for Plaintiff*

/s/ Lisa M. McElroy
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 W. Monroe St., Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
*Attorneys for Defendants Cook County Sheriff, Davis, Sprayberry, Garcia, Alvarez, Codd, Matanic, Lesnicki, O'Hearn, Novak, Preto, Romo, Kavanaugh, Kelly, Wilks, Carr, and Hollis*

/s/ William Ragen
William Ragen
(William.ragen@cookcountysao.org)
Michael Gorman
(Michael.gorman@cookcountysao.org)
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-7944
*Attorneys for Cook County d/b/a Cermak Health Services, Balawender, Colon, Haq, James, Johnson, Khan, Munoz, Omodara, Sheehan, Tawadros, and Trani*

/s/ Elpitha B. Lambros
Elpitha B. Lambros
(elpitha.lambros@cookcountysao.org)
Jessica D. Ratner
(Jessica.Ratner@cookcountysao.org)
Cook County State's Attorney's Office
50 W. Washington Street, Suite 2760
Chicago, Illinois 60602
(312) 603-1434
*Attorneys for Rajkowski*

/s/ Chad M. Skarpiak
Chad M. Skarpiak (cskarpiak@cassiday.com)
Danielle Krispin (dkrispin@cassiday.com)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
*Attorneys for Defendants Reyes and Jackson*